UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA

    -against-

TYQUAN MIDYETT,

        Defendant.

------------------------------------X

FOR ELECTRONIC
PUBLICATION ONLY

**MEMORANDUM & ORDER**

07-CR-874 (KAM)

MATSUMOTO, United States District Judge:

      On March 15, 2010, defendant Tyquan Midyett ("Midyett" or "defendant") filed a *pro se* motion for an evidentiary hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), requesting that the court determine the quantity of narcotics attributable to or reasonably foreseeable to him, in connection with his sentencing hearing currently scheduled for May 19, 2010. (Doc. No. 464.) Defendant challenges the drug quantity calculation set forth in the Probation Department's June 10, 2009 Presentence Report ("PSR"), which attributes to defendant approximately 843 net grams of cocaine base ("crack cocaine"), resulting in a base offense level of 34 under the advisory Sentencing Guidelines. (*See id.; see also* PSR ¶¶ 10, 15, 47.) Defendant also argues that the evidence at trial was legally insufficient to support his conviction for conspiracy to distribute and possess with the intent to distribute 50 grams or more of a substance containing cocaine base, in violation of 21

U.S.C. §§ 841(b)(1)(A)(iii) and 846. (*See* 3/15/10 Ltr. at 2-3.)

On March 19, 2010, the government filed a letter in opposition to defendant's *pro se* motion, arguing that the evidence at trial sufficiently established that defendant was a member of a narcotics distribution conspiracy involving 843 grams of cocaine base. (Doc. No. 466.) The government further argues that "defendant's objection to the Guidelines calculation is academic in light of the 20-year mandatory minimum he faces." (*Id.* at 1.) Additionally, the government contends that the trial record established that defendant was a "regular dealer" within the conspiracy, as evidenced by the funds recovered on defendant's person at the time of his arrests. (*Id.* at 2.) The government argues that "defendant could have reasonably foreseen that over 500 grams of crack cocaine was [sic] involved in the conspiracy." (*Id.*)

On March 24, 2010, defendant's counsel submitted a letter in support of defendant's March 15, 2010 *pro se* submission and in response to the government's March 19, 2010 letter. (Doc. No. 467.) In his letter, defense counsel argues that defendant should be held responsible only for the 50 grams of cocaine base for which he was convicted. (*Id.*) Defense counsel contends that "there is no proof that a conspiracy involving 843 grams of crack was foreseeable" by defendant. (*Id.*) Defendant's counsel further contends that the trial

2

evidence, "taken in its best light," shows "merely" a "casual acquaintance among the various participants of the conspiracy . . . ." (*Id.*)

**DISCUSSION**

The court may "find facts relevant to sentencing by a preponderance of the evidence without violating the Due Process Clause." *United States v. Vaughn*, 430 F.3d 518, 520 (2d Cir. 2005) (Sotomayor, J.). The court may base a sentencing decision on its determination of the type and quantity of drugs involved in the offense, provided that the court does not impose "(1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under § 841(b) not authorized by the verdict." *Id.* at 527 (district court may rely on facts relevant to sentencing that it finds by a preponderance of the evidence, even if a jury has acquitted the defendant of that conduct).

As the court has previously concluded, there was overwhelming evidence presented at trial from which the jury could infer that defendant had an agreement with a group of others to sell cocaine base, and that they sold more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(iii). (*See* Doc. No. 377, Memorandum & Order dated July 9, 2009.) Additionally, because the defendant has

3

previously been convicted of a felony drug trafficking offense, he is subject to a 20-year mandatory minimum term of imprisonment given that the government filed a prior felony information pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.  (*See* Doc. No. 455, Memorandum & Order dated Feb. 2, 2010, at 3-4.)

Even if the court were to conclude that defendant is responsible for the 50 grams or more of cocaine base involved in the narcotics distribution conspiracy for which defendant was convicted, the resulting advisory Guidelines calculation would not be in conflict with the applicable statutory mandatory minimum or maximum.  The mandatory minimum statutory term of imprisonment for an offense under 21 U.S.C. §§ 841(b)(1)(A)(iii) is 10 years, and where, as here, the government has filed a prior felony information pursuant to 21 U.S.C. § 851, the mandatory minimum statutory term of imprisonment is 20 years, or 240 months.

Based on the parties' submissions and the factual information in the PSR, the court finds that it is able to make the factual determinations necessary for sentencing by a preponderance of the evidence without a *Fatico* hearing.  *See United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005) ("The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes.  All that

4

is required is that the court afford the defendant some opportunity to rebut the Government's allegations.") (internal quotation marks omitted); *see also United States v. Salazar-Murillo*, 666 F. Supp. 2d 397, 398-99 (S.D.N.Y. 2009) (denying *Fatico* hearing where the court was able to make factual determinations necessary for sentencing by a preponderance of the evidence, even though defendant pled guilty to conspiracy to import one kilogram or more of heroin, and the government alleged that defendant was responsible for a conspiracy involving approximately 25 kilograms of heroin and 43 kilograms of cocaine). Accordingly, defendant's motion for a *Fatico* hearing is denied.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for a *Fatico* hearing is denied. The parties shall appear for sentencing on May 19, 2010 at 10:00 a.m.

SO ORDERED.

Dated: Brooklyn, New York
       April 7, 2010

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York
