```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA                FOR ELECTRONIC
                                        PUBLICATION ONLY
     -against-
                                        **MEMORANDUM & ORDER**
TYQUAN MIDYETT,
                                        07-CR-874 (KAM)
               Defendant.

-----------------------------------X
```

MATSUMOTO, United States District Judge:

      Defendant Tyquan Midyett ("defendant" or "Midyett") moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Doc. No. 477, "Def. Rule 33 Letter Motion.") Defendant contends that (i) his right to be present at trial pursuant to Fed. R. Crim. P. 43 was violated on March 2, 2009; and (ii) he was deprived of his right to "properly review" statements of co-conspirators. For the reasons set forth below, defendant's motion is denied.

## **DISCUSSION**

### A. Timeliness of Motion

      Rule 33(b)(2) provides in pertinent part that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Effective December 1, 2009, Rule 33 was amended to expand the previous deadline for filing a motion for new trial from 7 days

to 14 days, and the enabling order accompanying the amendment provides that the amendment shall "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." United States Supreme Court Order dated Mar. 26, 2009;[1] *see also* 28 U.S.C. § 2074(a).

Defendant was convicted by a jury on March 12, 2009, before the effective date of December 1, 2009. Even assuming that the 14-day period applies, the instant motion, filed on May 4, 2010, is untimely because it was filed over one year after the March 12, 2009 jury verdict.

"The time limitations specified in Rule 33 are read in conjunction with Rule 45, which establishes how to compute and extend time." *United States v. Robinson*, 430 F.3d 537, 541 (2d Cir. 2005). Pursuant to Rule 45, defendant may seek an extension of time to file a motion for a new trial provided that defendant does so "before the originally prescribed or previously extended time expires" or "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(A)-(B). A "finding of excusable neglect is based on consideration of all relevant circumstances, including: 1) the danger of prejudice to the non-moving party; 2) the length of delay and impact on judicial proceedings; 3) the

---

[1] Available at www.supremecourt.gov/orders/courtorders/frcr09.pdf [last visited May 14, 2010].

2

reason for the delay, including whether it was in the reasonable control of the moving party; and 4) whether the moving party acted in good faith." *United States v. Polouizzi*, No. 06-CR-22, 2010 WL 318265, at *31 (E.D.N.Y. Feb. 11, 2010) (citation omitted).

Although defendant has failed to offer any reason for his delay in moving for a new trial pursuant to Rule 33, the court observes that the instant motion was filed after defendant's Rule 29 motion for acquittal and other post-conviction motions on which the court has issued rulings, and comes 15 days before defendant was scheduled to be sentenced. The court further observes that the factual basis upon which defendant moves for a new trial was known to defendant on March 2, 2009, before his conviction. Under the circumstances, there is no basis to conclude that defendant's delay in seeking a new trial was due to excusable neglect. Thus, defendant's motion for a new trial must be denied as time barred.

**B. New Trial Standard**

Even assuming, *arguendo*, that defendant's instant Rule 33 motion were timely, it is nevertheless without merit. Subject to the limitation period set forth above, Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of

3

justice so requires." Fed. R. Crim. P. 33(a). A Rule 33 motion is to be granted "sparingly." *United States v. Bell*, 584 F.3d 478, 484-85 (2d Cir. 2009) (citation omitted); *see also United States v. Dipietro*, No. 04-CR-1110, 2009 WL 3711661, at *3 (S.D.N.Y. Nov. 6, 2009) ("A Rule 33 motion is to be granted 'sparingly' and only in 'exceptional circumstances.'") (quoting *Bell*, 584 F.3d at 484-85). "The test is whether it would be a manifest injustice to let the guilty verdict stand." *Id.*, at *3 (quoting *Bell*, 584 F.3d at 483).

**1. Defendant's Presence**

Defendant contends that his right to be present at trial was violated on March 2, 2009 when the court addressed in defendant's absence certain "legal issues" concerning discovery raised by the government's letter dated March 1, 2009 (Doc. No. 297). (*See* Def. Rule 33 Letter Motion at 2.) Defendant contends that "even though [his] counsel waived his appearance, the Court did not have the power to conduct this important part of the trial without him." (*Id.*)

Rule 43 provides in pertinent part that "the defendant must be present at . . . every trial stage, including jury impanelment and the return of the verdict . . . ." Fed. R. Crim. P. 43(a)(2) Rule 43 further provides that "[a] defendant need not be present . . . [where] [t]he proceeding involves only a conference or hearing on a question of law." Fed. R. Civ. P.

4

43(b)(3). "As the Supreme Court has recognized . . . the right to be present is not absolute: it is triggered only when the defendant's 'presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Cohen v. Senkowski*, 290 F.3d 485, 489 (2d Cir. 2002) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106-07 (1934)).

As defense counsel acknowledges, the matters discussed in defendant's absence concerned only "legal issues" regarding a proposed protective order concerning certain 3500 disclosures made by the government. (*See* Def. Rule 33 Letter Motion at 2.) A review of the transcript for March 2, 2009 reveals that defendant was not present in court from 9:20 a.m. to 9:30 a.m. and was believed to be in transit to the courthouse. (Tr. at 114, 118.) Outside of the jury's presence, and before alternate jurors had been selected, all counsel and the court addressed the wording of the proposed protective order, *inter alia*, limiting the disclosure and dissemination of statements and reports related to the impeachment of non-testifying co-conspirators produced by the government pursuant to 18 U.S.C. § 3500. Although Mr. Midyett's counsel initially indicated that he had no objection to the government's request and proposed protective order, he later joined in the request of co-defendant Michael Brown's counsel that defense counsel be permitted to retain any such disclosures for purposes of appellate review.

5

(*Id.* at 115-117). The government agreed to defense counsel's revision to the proposed protective order and the issue was resolved by counsel. (*Id.* at 116-17.)

The court concludes that defendant's 10-minute absence immediately preceding the selection of alternate jurors did not violate his right to be present because the proceeding involved solely the wording of a protective order, and accordingly only involved questions of law. *See Olajide v. United States*, No. 05-CV-281, 2005 WL 1925640, at *5 (S.D.N.Y. Aug. 11, 2005) (Chin, J.) (holding that a habeas petitioner was not denied his Sixth Amendment right to a jury trial, *inter alia*, where the court and attorneys addressed "purely legal [evidentiary] questions" immediately preceding jury selection, while defendant was "delayed by [court] security"). Moreover, because defendant "was represented by competent counsel who could speak to these legal issues without the need to consult him on factual matters, his absence did not violate his constitutional right to defend himself against the charges." *See id.*

   **2. Fair Trial**

Defendant further contends that the court's protective order (Doc. No. 301), *inter alia*, prohibiting the possession of certain 3500 disclosure materials in any custodial facility outside of the courthouse "violated his right to a fair trial

and crippled his ability to prepare an adequate defense."[2] (Def. Rule 33 Letter Motion at 2.) In particular, defendant contends that he "could not properly review" the disclosures "during the trial because he was actively engaged in listening to the witnesses and observing the proceedings" and that "[w]hen he was outside of the Courthouse he could not review" the discovery "because he did not have them." (*Id.*) Defendant does not claim that he requested further opportunities to review the disclosures while in the courthouse or that he was otherwise prevented from adequately reviewing the disclosures during recesses in the trial. Nor does defendant contend that his attorney was prevented from reviewing the disclosures. In sum, defendant has failed to demonstrate that the interests of justice require a new trial. Accordingly, defendant's motion is denied.

---

[2] Although the parties fail to specify the date or document number of the order referenced in their submissions on this issue, the court presumes that the parties intended to reference the protective order, discussed above, dated March 2, 2009, as this document memorialized the parties' agreement regarding the limitations on the dissemination of witness statements.

## CONCLUSION

For the foregoing reasons, defendant's motion for a new trial is denied. Defendant shall appear for sentencing on June 17, 2010 at 10:00 a.m.

SO ORDERED.

Dated: Brooklyn, New York
       May 14, 2010

                                        /s/
                            KIYO A. MATSUMOTO
                            United States District Judge
                            Eastern District of New York